# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-1577V

|  |  |
|---|---|
| ABIGAIL BONOFF,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 22, 2026 |

*Daniel Alholm, Alholm Law, PC, Chicago, IL, for Petitioner.*

*Mikaela Torbert, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On September 22, 2025, Abigail Bonoff filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, or in the alternative caused-in-fact injury, after receiving two meningococcal vaccines on April 24, 2024. Petition at ¶¶ 1, 22, 24c. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 18, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On May 22, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $83,168.53, representing compensation in the amount of $80,000.00 for pain and suffering and $3,168.53 for past unreimbursable expenses. Proffer at 1-2. In the Proffer, Respondent

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>83,168.53</u>, representing compensation in the amount of $80,000.00 for pain and suffering and $3,168.53 for actual unreimbursable expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**<u>s/Brian H. Corcoran</u>**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| ABIGAIL BONOFF, | |
| Petitioner, | |
| v. | No. 25-1577V **(ECF)** |
| | Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

**PROFFER ON AWARD OF COMPENSATION**[1]

On September 22, 2025, Abigail Bonoff ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of meningococcal vaccines that she received on April 24, 2024. ECF No. 1 at 1. On May 14, 2026, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) report indicating that this case was appropriate for compensation under the terms of the Vaccine Act for a SIRVA Table Injury. ECF No. 20. On May 18, 2026, Chief Special Master Corcoran issued a Ruling on Entitlement finding that petitioner was entitled to compensation. ECF No. 21.

I.    **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

1

A.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$80,000.00** for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses pertaining to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$3,168.53**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A lump sum payment of **$83,168.53**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Abigail Bonoff.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

/s/ *Mikaela D. Torbert*
MIKAELA D. TORBERT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Telephone: (202) 532-3993
Email: Mikaela.Torbert@usdoj.gov

DATE:  May 22, 2026

3